*527 OPINION.
MuRCock :
In the decision of this case we are not disturbed by the fact that an estate tax and an income tax may impinge upon each other’in their ultimate incidence. George D. Widener et al. v. Commissioner, 8 B. T. A. 651. Our problem is the same as it would be had the estate tax been omitted from the statutes. The question is, does or does not the statute require an estate to include in its gross iiicome for income-tax purposes the amount which it finally received in cash, which amount just equals the value at the decedent’s death of an asset belonging to the corpus of the estate, which, if received by the decedent-during his lifetime, would have been income to him?
Facts have been stipulated which are at least prima facie evidence that the value at the death of the decedent of the asset represented by the right to receive $25,000 was $25,000, thus overcoming any presumption to the contrary in favor of the Commissioner. Appeal of Elizabeth J. Bray, Administratrix, 4 B. T. A. 42; William G. Frank v. Commissioner, 6 B. T. A. 1071. When later the estate received $25,000 in cash the capital asset which already formed a part of the corpus of the taxpayer’s estate was merely converted into cash and the estate did not as a result of the receipt of that cash have any taxable income. Appeal of Elizabeth J. Bray, Administratrix, supra; William G. Frank v. Commissioner, supra; and Appeal of Dorothy Payne Whitney Straight, Executrix, 7 B. T. A. 177.
Reviewed by the Board.

Judgment will be entered for the petitioner on notice of 15 days, under Bule 50.